UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| VIEWPOINT NEUTRALITY NOW!, EVAN SMITH, AND ISAAC SMITH, | Case No. 20-CV-1055 (PJS/JFD) |
| Plaintiffs, | **SECOND AMENDED ORDER FOR SETTLEMENT CONFERENCE** |
| v. | |
| REGENT CHAIR KENDALL J. POWELL, REGENT VICE CHAIR STEVEN A. SVIGGUM, REGENT MARY A. DAVENPORT, REGENT KAO LY ILEAN HER, REGENT MIKE O. KENYANYA, REGENT JANIE S. MAYERON, REGENT DAVID J. MCMILLAN, REGENT DARRIN M. ROSHA, REGENT JAMES T. FARNSWORTH, REGENT DOUGLAS A. HUEBSCH, REGENT RUTH E. JOHNSON, REGENT KODI J. VERHALEN, IN THEIR RESPECTIVE OFFICIAL CAPACITIES; PRESIDENT JOAN T.A. GABEL, IN HER RESPECTIVE OFFICIAL CAPACITY; AND VICE PRESIDENT FOR STUDENT AFFAIRS AND DEAN OF STUDENTS CALVIN D. PHILLIPS, IN HIS RESPECTIVE OFFICIAL CAPACITY, | |
| Defendants. | |

Magistrate Judge John F. Docherty will hold a settlement conference on **December 8, 2021, at 10:00 a.m.** Depending on the public health situation, the settlement conference may be held either in-person or by videoconference. The Court will inform the parties a reasonable time before the settlement conference of the way the settlement conference will

be held. All participants should plan on spending the entire day and evening, if necessary, at this settlement conference.

### Who Must Attend

Counsel who <u>will actually try the case</u> and <u>each party, armed with full settlement authority</u>, shall be present. This means that each party must attend through a person who has the power to change that party's settlement posture during the course of the conference. If the party representative has a limit or "cap" on his or her authority, this requirement is not satisfied. If individuals are parties to this case, they must be present in person. If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present in person. If an insurance company is involved on behalf of any party, a representative of the insurer with the power to pay the policy limits must also attend the settlement conference. If a general counsel or in-house counsel is designated to represent a non-government entity at the settlement conference, then such counsel shall also be accompanied by an entity representative whose primary duties do not include practicing law and who has full authority to make a final decision.

### PREPARATIONS FOR THE SETTLEMENT CONFERENCE

1. **Meetings Ahead of the Settlement Conference**

The Court will conduct a status conference, by Conference Bridge, in this matter **on November 8, 2021**, **at 8:30 a.m.,** to discuss the parties' progress in their settlement negotiations and whether the Court can be of assistance to the parties' efforts in such a way that might obviate the need for the scheduled settlement conference. Magistrate Judge Docherty's chambers will provide call-in instructions prior to the call. Counsel must meet

and confer on these topics in advance of the call and must submit a joint update letter no later than **October 25, 2021.** The letter should include the names and telephone numbers of those who will participate in the call. At the conclusion of the status call, if necessary, the parties and the Court will confer about the logistics for the settlement conference.

Counsel must also speak directly with one another, either by telephone or in person, on or before **November 24, 2021** to engage in a full and frank discussion of settlement. Prior to or during this meeting, the parties must exchange at least one round of a demand from the plaintiff and a specific offer from the defendant or defendants. This round of negotiations must not simply be a restatement of previous settlement positions, but must include the exchange of a new round of settlement proposals.

### 2. Confidential Letters to the Court

If the case does not settle prior to the settlement conference, counsel for each party shall email the Court on or before **December 1, 2021,** a confidential letter of not more than ten (10) pages setting forth:

(1) the parties' respective settlement positions before the meeting;

(2) the parties' respective positions following the meeting;

(3) a concise analysis of any remaining significant legal issues, including those affecting liability, with citation to relevant authority;

(4) a reasoned, itemized computation of each element of the alleged damages, with a concise summary of the testimony of each witness who will testify in support of the damage computations;

(5) a candid analysis of the strengths and weaknesses of their client's case;

(6) the name and position of the person who will attend the settlement conference with full authority to settle the case; and

(7) any additional information that will assist the parties in reaching agreement. In general, exhibits to the letters will not be accepted. These letters are for the Court's use only and should not be served on opposing counsel. Counsel should email their confidential settlement letters to chambers at docherty_chambers@mnd.uscourts.gov.

**Failure to Comply**

Failure of any party or insurance company to comply with any part of this Order may result in the postponement of the settlement conference or imposition of an appropriate sanction on the party, company, or attorney who failed to comply, or both.

Date: August 12, 2021                    *s/ John F. Docherty*
                                         JOHN F. DOCHERTY
                                         United States Magistrate Judge